# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| Bruce Freeman, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER GRANTING MOTIONS TO** |
| | ) | **COMPEL DISCOVERY AND EXTEND** |
| vs. | ) | **PRETRIAL DEADLINES** |
| | ) | |
| Amanda Rost, et. al., | ) | Case No. 1:17-cv-214 |
| | ) | |
| Defendant. | ) | |

On September 25, 2018, Defendants Amanda Rost, Mike Graner, and Darren Heidbreder (hereinafter the "County Defendants") filed a Motion to Compel Discovery. On November 8, 2018, they filed a Motion to Modify Scheduling Order. Defendant Justin Hager has joined in both motions. For the reasons set forth below, the motions are granted.

**I.    BACKGROUND**

The plaintiff, Bruce Freemen ("Freeman"), was convicted in this district of the offense of conspiracy to possess with intent to distribute a controlled substance and sentenced to a term of imprisonment of 120 months. See United States v. Freeman, Case No. 1:15-cr-043 (D.N.D.). He is presently incarcerated at MCFFP Springfield, an administrative security federal medical center in Springfield, Missouri. He initiated the above-entitled action *pro se* in October 2017. Concluding that, for purposes of its initial review, he had asserted a cognizable claim against defendants for deliberate indifference to his serious medical needs, the court allowed him to proceed.

In lieu of requiring the parties to confer in accordance with Fed. R. Civ. P. Rule 26(f) and thereafter participate in a Rule 16(b) scheduling/discovery conference, the court issued a scheduling order on May 4, 2018. The scheduling order provided in relevant part that the parties were to make

1

their Rule 26(a)(1) disclosures by May 15, 2018, and complete fact discovery by January 1, 2019.

On September 25, 2018, the County Defendants filed a Motion to Compel Discovery pursuant to Fed. R. Civ. P. 37. They aver that Freeman has not made his Rule 26(a) disclosures as directed in the court's scheduling order and has failed to respond to the thirteen interrogatories and two requests for production of documents that they served upon him on June 13, 2018.[1] They seek an order from the court compelling Freeman to respond to their discovery requests as they pertain to his alleged eye injury, his underlying health, and the facts surrounding each instance where they allegedly denied and/or prevented him from obtaining treatment. On October 8, 2018, Defendant Dustin Hager joined in the County Defendants motion and in so doing advise that Freeman had been unresponsive to his discovery requests as well.[2]

On October 11, 2018, the County Defendants filed a supplement to their Motion to Compel Discovery in which they advise that Freeman did recently respond to their second production request and provided them with an executed authorization for release of his medical records.

On November 8, 2018, the County Defendants filed a Motion to Modify Scheduling Order. Therein they advise: (1) Freeman has to date neither fulfilled his discovery obligations under Rule 26(a) nor responded to their interrogatories and remaining request for production; (2) they were nevertheless able to use the release provided to them by Freeman to obtain medical records from four of Freeman's medical providers; (3) they are currently awaiting additional medical records from the fourth medical provider; and (4) have requested Freeman to execute additional specialized medical release forms that they understand are necessary in order to obtain Freeman's medical

---

[1] County Defendants filed a copy of the discovery requests as an exhibit to their motion. (Doc. No. 46-4).

[2] Defendant Hager's discovery requests, a copy of which has also been filed, consists of 16 interrogatories and 6 requests for production of documents. (Doc. No. 47-3).

records from the United States Marshal and Bureau of Prisons.[3] Next, they request that the court extend the pretrial deadlines, averring that the delays in obtaining medical records and Freeman's general lack of cooperation are hampering their ability to properly defend this case.

On November 13, 2018, Defendant Hager joined in the County Defendants' Motion to Modify Scheduling Order.

## II. DISCUSSION

### A. Motion to Compel

Rule 26(a) of the Federal Rules of Civil Procedure requires the parties to make certain initial disclosures as ordered by the court. Rule 26(b)(1) address the scope of discovery. Specifically, it provides:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within the scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1); see also Colonial Funding Network, Inc. v. Genuine Builders, Inc., 326 F.R.D. 206, 211 (D.S.D. 2018). ("The reason for the broad scope of discovery is that '[m]utual knowledge of all the relevant facts gathered by both parties is essential to proper litigation. To that end, either party may compel the other to disgorge whatever facts he has in his possession.'" 8 Wright & Miller, § 2007, 39 (quoting Hickman v. Taylor, 329 U.S. 495, 507–08 (1947)). "Discoverable information itself need not be admissible at trial; rather, the defining question is

---

[3] Defendants stress that they used the release to obtain medical records from care providers they were correctly able to surmise as Freeman has yet to provide them with a definitive list of providers.

whether it is within the scope of discovery." Colonial Funding Network, Inc. v. Genuine Builders, Inc., 326 F.R.D. 206, 211 (citing Fed. R. Civ. P. 26(b)(1)).

Rule 37 of Federal Rules of Civil Procedure sets forth the recourse available to a party whose requests for discovery go answered. Specifically, it provides that, "[o]n notice to other parties all affected persons, a party move for an order compelling disclosure or discovery." Fed. R. Civ. P. 37(a)(1). It further provides that "[i]f a party fails to make a disclosure required by Rule 26(a), any other party may move to compel disclosure and for appropriate sanctions." Fed. R. Civ. P 37(a)(3)(A). Finally, it provides that a party may move to compel a response from a party who fails to answer interrogatories or produce requested documents. Fed. R. Civ. P. 37(a)(3)(B)(iii)-(iv).

Invoking Rule 37, defendants move to compel Freeman to make his Rule 26(a) disclosures and to respond to their discovery requests. Notably, Freeman has neither filed a response to defendants' motion nor otherwise objected to their discovery requests in the time allotted to him under the applicable rules of civil procedure. See e.g., D.N.D. Civil L.R. 7.1(B) (stating that, upon service of a non-dispositive motion, the adverse party has 14 days in which to file a response); D.N.D. Civ. L. R. 7.1(F) ("An adverse party's failure to serve and file a response to a motion may be deemed an admission that the motion is well taken."); Fed. R. Civ. P. 33(b) (stating answers and objections to interrogatories are due within 30 days of service unless otherwise agreed upon by the parties or ordered by the court). He has also apparently failed to make his Rule 26(a) disclosures as ordered by the court. The fact that he is proceeding *pro se* does not excuse him from complying with court orders or substantive and procedural law. Farnsworth v. City of Kansas City, Mo., 863 F.2d 33, 34 (8th Cir. 1988); Am. Inmate Paralegal Assoc. v Cline, 859 F.2d at 61; Burgs v. Sissel, 745 F.2d 526, 528 (8th Cir. 1984).

4

Freeman's noncompliance with procedure and apparent disengagement aside, the discovery requests propounded by the defendants upon Freeman appear at first blush appear to be reasonably calculated to lead to the discovery of admissible evidence. Consequently, the court shall grant defendants' motion and direct Freeman make his Rule 26(a) disclosures and respond to defendants' discovery requests. Freeman should take heed that a failure on his part to comply with the court's discovery orders could result in the imposition of sanctions up to and including dismissal. See Fed. R. Civ. P. 37(b)(2)(enumerating the sanctions that court can impose should a party fail to obey an order to provide or permit discovery); Fed. R. Civ. P. 41 (b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule--except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19--operates as an adjudication on the merits."); see e.g., Keefer v. Provident Life and Acc. Ins. Co., 238 F.3d 937, 939 (8th Cir. 2000) (opining that dismissal may be considered as a sanction "if there is: (1) an order compelling discovery; (2) a willful violation of that order; and (3) prejudice to the other party."); American Inmate Paralegal Assoc. v. Cline, 859 F.2d 59, 61 (8th Cir. 1988) ("Under Fed. R. Civ. P. 41(b), a district court may, on its own motion, dismiss an action for the plaintiff's failure to comply with any court order, and such dismissal operates as an comply with any court order, and such dismissal operates as an adjudication on the merits. The district court's exercise of this power is within the permissible range of its discretion if there has been a clear record of delay or contumacious conduct by the plaintiff." (internal citations and quotation marks omitted)).

**B. Motion to Modify Scheduling Order**

Defendants assert that good cause exists to extend the pretrial deadlines. The court agrees. Given the present posture of this case, defendants difficulties in obtaining discovery, and defendants need for additional time to review the discovery that they have through their diligence been able to obtain, the court finds it necessary to extend the deadlines.

**III. CONCLUSION**

Defendants' Motion to Compel (Doc. No. 46) is **GRANTED**. Freeman shall execute the special medical releases necessary for defendants to obtain his medical records from the United States Marshal and Bureau of Prisons, provide defendants with responses to their discovery requests, and provide defendants with his Rule 26(a) disclosures by December 16, 2018. Freeman is reminded that a failure on his part to comply with this court's order and participate in discovery could conceivably result the imposition of sanctions up to and including dismissal of this action.

Defendants Motion to Modify Scheduling Order (Doc. No. 49) is **GRANTED**. The pretrial deadlines shall amended as follows:

1. The parties shall have until March 15, 2019, to complete fact discovery and to file discovery motions.

2. The parties shall provide the names of expert witnesses and complete reports under Rule 26(a)(2) as follows:

    a. plaintiff by March 29, 2019; and

    b. defendants by May 3, 2019.

    (Treating physicians need not prepare reports, only qualifications, unless they will express opinions not reflected in the medical records.) (Reports to be served on

other parties, but not filed with the court.)

3. The parties shall have until May 17, 2019, to complete discovery depositions of expert witnesses.

4. The parties shall have until June 3, 2019, to file threshold motions (e.g. qualified immunity) and other dispositive motions (summary judgment as to all or part of the case).

**IT IS SO ORDERED.**

Dated this 16th day of November, 2018.

*/s/ Charles S. Miller, Jr.*
Charles S. Miller, Jr., Magistrate Judge
United States District Court